<hr/>

JOHN McLELLAND v. THE A. P. COOK COMPANY (LIMITED).

*Deed—Covenants—Right of action—Mortgage foreclosure—Bill to restrain.*

The right of action, if any, of a grantee of part-paid swamp land, who secures the payment of a portion of the purchase price by mortgage, and remains in undisturbed possession for five years before the grantor secures his patent, and for ten years after its issuance, without being threatened with litigation growing out of the state of the title, or the non-payment of taxes assessed against the land before the patent was issued,

which patent contained a reservation of liens which the State might have therefor, is upon the covenants of warranty in his deed; citing Jones, Mortg. §§ 1500–1508.

Appeal from Kent. (Grove, J.) Submitted on briefs January 6, 1893. Decided February 3, 1893.

Bill to set aside a mortgage foreclosure, and for the discharge of the mortgage lien. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Westerman & Westerman*, for complainant.

*Weaver & Weaver* and *Stuart & Knappen*, for defendant.

Long, J. This bill is filed to set aside a mortgage foreclosure, and for a discharge of the mortgage lien, on the claim that a tender had been made of the amount due, and for other causes stated in the bill.

The premises were purchased by complainant of Addison P. Cook (now deceased), on August 12, 1875, on a contract, the complainant paying $100 down, the purchase price being $2,000. At that time, Cook held the land under a part-paid certificate from the State, it being swamp land, the patent not having been issued, though the certificate was issued December 15, 1853. After the certificate was issued, taxes were assessed from year to year, down to 1875, but were not returned, or were rejected by reason of the land being swamp land, and part paid. Up to this time the Commissioner's books showed about $600 delinquent taxes. January 15, 1876, complainant paid Mr. Cook $700 more, and took a deed containing the general covenants of warranty, the deed being dated to correspond with the date of the contract. Complainant, on obtaining the deed, executed to Cook a mortgage upon the land for the remaining $1,200; payable, $100, January 15, 1878,

and $100 annually thereafter, with interest at 7 per cent., with right to pay the whole amount at any time. Complainant entered into possession of the premises, and is still in possession. Later, Mr. Cook assigned the mortgage as collateral to a loan to the People's Bank of Manchester, but never disposed of the mortgage.

February 23, 1877, complainant filed a bill in the Lenawee county circuit court, in chancery, against Mr. Cook and his wife and the Manchester bank, alleging that at the time of the contract of purchase he did not know that Mr. Cook had not a title in fee; that he had since learned that Cook's only title was under the swamp-land certificate, and that a large amount of taxes had accumulated against the land; that the deed given should have contained covenants of seisin and against incumbrances, and that he accepted the deed of general warranty under misapprehension of the effect of such deed; that he feared that Cook would dispose of his interest in the land, and that he had disposed of the mortgage. Mr. Cook answered this bill, setting up the true state of the title; denying that anything was done to mislead complainant; alleging that the latter was fully advised of the state of the title when he purchased, and that defendant could and would make good the title to the land, and was amply responsible, both legally and pecuniarily, upon the covenants contained in his deed; and denying that complainant was in any way jeopardized. This case was put at issue, and the cause referred to the commissioner to take proofs. Some testimony was taken, but the cause was never ready for hearing until after Mr. Cook died.

For the purpose of settling his rights under the swamp-land certificate, Mr. Cook caused suit to be begun against the Commissioner of the State Land Office, the result being that the Court held that the Commissioner must

issue patents on the payment of purchase price and interest, without payment of taxes.     *Robertson v. Commissioner,* 44 Mich. 274.     Patents were issued in accordance with this decision, containing reservation of liens which the State might hold for taxes assessed and remaining unpaid. Mr. Cook thereafter paid, as it is claimed, all legal taxes assessed against the land so far as they were incumbrances upon these lands.

On December 28, 1888, Mr. Cook assigned this mortgage to the A. P. Cook Company, Limited.     Mr. Cook died, intestate, in April, 1889, and the chancery suit thereafter was revived in its name.     The case was brought on for hearing on pleadings and proofs to be taken in open court. The complainant declined to proceed, and the bill was dismissed, with costs, February 10, 1891.

Defendant then began statutory foreclosure of the mortgage, when the present bill was filed by the complainant, setting up to some extent the former suit and the proceedings therein, and alleging as grounds of relief the same grounds embraced in the first bill as to title when contract of sale was made, and incumbrances then existing upon the land, but alleging no present failure of title, and no present incumbrances, and making no claim of Mr. Cook's insolvency, or any threatened injury to complainant's rights; but alleging, however, for the first time, what is claimed to have been an absolute, unconditional tender of the full amount due on the mortgage.     On filing the bill, an injunction was issued restraining the foreclosure proceedings, which were thereafter discontinued.     Issue was joined, and the case removed to the Kent circuit, by reason of the disqualification of Judge Lane to hear the case.     The answer filed fully meets all the equities of the bill, sets up in bar of the present suit the adjudication in the former suit, and asks the benefit of a demurrer. Proofs were taken before the commissioner, and, on the

hearing in the court below, the court found that no legal tender had ever been made, fixed the amount due on the mortgage, and awarded foreclosure and order of sale for the amount so found due in default of payment.    From this decree complainant appeals.

We think the court below was not in error in its conclusions.    No showing was made that Mr. Cook made any misrepresentations in regard to his title at the time the contract of sale was executed, or when the deed was given; and no effort was made to show that Mr. Cook did not have a good and perfect title to the land as early as 1881. No showing was made by the complainant that he had suffered any damage or loss whatever by reason of the defect in the title prior to that time, or that he was in any way injured by the fact that Mr. Cook did not have a patent to the land at the time of his conveyance to the complainant, or by reason of the unpaid taxes.    He has paid no more interest on his mortgage than he would otherwise have paid.    When the title was perfected by the taking of the patent by Mr. Cook from the State, and on the payment of all the valid taxes, complainant still refused to pay his mortgage and the interest thereon.    He has been in possession of the premises continuously, and has never been disturbed by any one, or even threatened with litigation growing out of the state of the title or the incumbrances.    If he had any right of action, it could only have been upon the covenants of warranty in his deed. Jones, Mortg. §§ 1500–1508.

In fact, about the only defense of which there is any pretense or claim is the alleged tender.    It would profit no one to set out the testimony which complainant claims shows a tender.    We have examined it with great care, and are led to the conclusion that no unconditional tender of the amount due on the mortgage is shown.    It is evident that many talks were had about the matter, but the

complainant always insisted that the lands were incumbered by these taxes, which Mr. Cook must remove, as the complainant wanted his title made perfect; and it is not satisfactorily shown that he was willing to pay the amount of the mortgage until this was done. His tender, if made at all, was in 1877, and while the question was being agitated about these taxes, and before the first bill was filed; yet no claim was made of a tender by that bill. All the circumstances surrounding the case, as well as defendant's testimony, contradict the complainant's claim that a tender was made sufficient to discharge the lien of the mortgage.

We think the court below reached the right conclusion, and the decree will be affirmed, with costs.

We call attention to the fact that no index is furnished with this record, and, had the case been reversed, no costs would have been granted to the party appealing.

The other Justices concurred.